IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:05-548-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| William Perkins, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts that the court's calculation of the guideline range violated Defendant's Sixth Amendment rights in light of *Alleyne v. United States*, 570 U.S. \_\_, 133 S. Ct. 2151 (2013). *See* Mot. at 6-10, ECF No. 1342. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

The court has reviewed the complete record in this case. Even if Defendant's motion were timely under § 2255(f)(3) and this court were to find *Alleyne* retroactively applicable to cases on collateral review,[1] *Alleyne* has no applicability to Defendant's case. Defendant had two prior state

---

[1] The Government argues that *Alleyne* has not been made retroactively available to cases on collateral review by the Supreme Court, and that under *Tyler v. Cain*, 533 U.S. 656 (2001), the *Supreme Court* must specifically hold that a case is retroactively available to cases on collateral review. However, *Tyler* was a case regarding second or successive motions, in which the threshold for granting review is much higher. *See* 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified . . . to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, . . . ."). Title 18 U.S.C. § 2255(f)(3) "does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court." *United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010). *See also United States v. Sanders*, 247 F.3d 139, 146 n.4 (4th Cir. 2001) (assuming without deciding that retroactively decision can be made by lower court). The court takes no position about whether *Alleyne* is retroactively available to cases

1

court convictions which qualified him for the penalty of life imprisonment under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851. The Supreme Court's decision in *Alleyne* did not undermine its decision in *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), which recognizes a "narrow exception to this general rule for the fact of a prior conviction." *Alleyne*,133 S.Ct. at 2160 n.1.

Accordingly, the Government is entitled to summary judgment and Defendant's motion for relief under § 2255 is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 8, 2014

---

on collateral review.